Law offices of Wing & Parisi
Linda M Parisi # 84247
917 G Street
Sacramento, CA 95814
916-441-4888

Attorneys for Defendant
Raymond Su

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Raymond Su,

    Defendant.

Case No. 2:18-cr-00149 JAM

**SU SENTENCING MEMORANDUM**

Date: November 16, 2021
Time: 9:30 a.m.
Judge: Hon. Judge John A. Mendez

---

    Raymond Su, by and through his counsel of record, requests a probationary sentence of 36 months, along with any conditions of probation deemed appropriate by the Court and his probation officer. The conduct at issue in this case is clearly out of behavior for Mr. Su; not only does he not have any convictions; Mr. Su has had a driving under the influence charge that was set aside. Mr. Su is a young man. At sentencing, Mr. Su will become a felon, a harsh sanction for a 31-year-old man who has a small child. *See* Exh. A- Su Letters of Support. Mr. Su's crime, a Grade D felony, is eligible for a probationary term. *See* 18 U.S.C. § 3561(c)(1); *and see* PSR at ¶64.

    I.    Sentencing Argument

    The purposes of sentencing do not "necess[itate]" any greater sentence than a 36-month term of probation for Mr. Su. *See* 18 U.S.C. § 3553(a). As 18 U.S.C. § 3562(a) states:

-1-
Su Sentencing Memorandum

> The court, in determining whether to impose a term of probation, and, if a term of probation is to be imposed, in determining the length of the term and the conditions of probation, shall consider the factors set forth in section 3553(a) to the extent that they are applicable.

Where "the court finds that there exists [a] mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from" the Guideline range. 18 U.S.C. § 3553(b)(1).

## II. Histoty & Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))

Mr. Su has taken what he has done very seriously. He accepts full responsibility for his conduct. As is clear from the PSR and letters of support at Exh. A, this is uncharacteristic behavior for Mr. Su, who has otherwise led a good and productive life. Mr. Su got a new job as a pressure washer and has continued to help contribute to his family. He takes as many shifts as are available. Mr. Su has the love and support of his family they will help him as he proceeds through this process. Mr. Su's father has health issues and Mr. Su helps him with his doctor's appointments.

## III. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6))

This is not a case like that of Postal Inspector Tarver (one of the investigating agents in this case), who abused his position of authority by stealing mail. *See United States v. Damn*

*Tarver*, 2:18-cr-223-TLN-1. Postal Inspector Tarver received a 3-month sentence of incarceration for stealing mail. *See id.* at CR 48. Incarcerating Postal Inspector Tarver for three months served an important function by sending a message to law enforcement not to abuse their authority. Unlike Postal Inspector Tarver, Mr. Su did not abuse of a position of authority. At Envoy, Mr. Su was a customer care agent, which is among the lowest level of contract workers at the company. *See* haps://www.envoyair.com/our-company/. Given that Mr.Su's conduct was clearly less egregious than that of a crooked government agent, a sentence of 36-months' probation is appropriate for Mr. Su.

    IV.    *The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense* (18 U.S.C. § 3533(a)(2)(A))

A probationary sentence in Mr. Su's case reflects its seriousness while accounting for the mitigating factors in his case. Mr. Su will comply with any additional conditions this Court deems appropriate, "to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b). The Court is also free to impose probation conditions such as home detention or community service, should it deem fit. *Id.* Additionally, Mr. Su will be under the threat of significant custodial penalties if he violates probation.

Mr. Su is in his employment years and this felony conviction will make it difficult for him to advance, as is known, a felony conviction will have a significant impact on Mr. Su's ability to get a license.

Su Sentencing Memorandum     -3-

V.  *The need for the sentence imposed to afford adequate deterrence' to criminal conduct* (18 U.S.C. § 3553(a)(2)(B))

A probationary sentence strikes the appropriate balance, especially in light of Mr. Su's excellent pretrial behavior following his criminal conduct. It will allow him to stay out in the community and stay employed and stable, while retaining this Court's authority to sentence him to any sentence it may have originally imposed, up to the statutory maximum for the offense of conviction, community where allows Mr. Su to continue to work and take care of his child and help his family. *See* 18 U.S.C. § 3565(a) (Revocation of Probation) ("If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may...revoke the sentence of probation and resentence the defendant under

Su Sentencing Memorandum                         -4-

subchapter A," referring to 18 U.S.C. §§ 3551 — 3559).

There is no reason to believe Mr. Su will violate probation; indeed, all signs — particularly his stellar performance on pretrial release — indicate that he will thrive and succeed on probation. However, if a violation occurs, the Court will be able to impose custodial time; it will first look to the Chapter 7 Guideline range, which will depend on the grade of violation. *See U.S.S.G.* §§ 7B1.1(a), 7B1.3(b), 7B1.4. The commentary to Chapter 7 contemplates the Court choosing to upwardly depart from the Guidelines upon revocation of probation where the initial sentence was lower than the Guideline range. *See* U.S.S.G. § 7B1.4, app. n. 4 ("Where the original sentence was the result of a downward departure...an upward departure may be warranted" after violation). And if Mr. Su violates his probation by committing a new law violation for which a criminal sentence is imposed, this Court may impose the sanction for the probation violation "in addition, or consecutive, to any sentence imposed for the new conduct." U.S.S.G. Ch. 7, pt. A (3)(b), introductory cmt.

Even if Mr. Su does not violate probation, the Court will have the authority to extend Mr. Su's term of probation up until the maximum allowed by law or enlarge the terms of his probation. *See* § 3564(d) ("The court may...extend a term of probation, if less than the maximum authorized term was previously imposed, at any time prior to the expiration or, termination of the term of probation, pursuant to the provisions applicable to the initial setting of the term of probation.").

VI. CONCLUSION

Mr. Su has shown through his conduct that he can and will continue to follow probation rules and maintain employment and productivity.

Su Sentencing Memorandum                    -5-

A probationary sentence is appropriate because — if Mr. Su violates — this Court holds on to its authority to sentence him under the penalty provisions of the *original* charge. *See* 18 U.S.C. § 3565(a). Further, given that COVID-19 is still rampant in our penal institutions, (PSR ¶46), for public safety he also requests that the Court not impose any custodial incarceration. Mr. Su respectfully requests this Court sentence him to 36-months' probation and that the Court not impose a fine so that Mr. Su can focus on repaying restitution in his case immediately.

DATED: November 9, 2021

Respectfully submitted

*/s/ Linda Parisi*
Linda Parisi
Attorney for Raymond Su

# Exhibit A

September 10, 2019

To Whom It May Concern,

      My name is Duong Su, father of Raymond Su. I am writing this letter in support for my son in hopes of telling you more about the person he is. Raymond has always been the type to lend a hand to anyone in need. He is really good with problem solving whether it's vehicle repair or changing out a sink.  This ultimately gives him the abilities to repair and maintain our household. Due to my recent diagnosis of lung cancer, I've become weak and lethargic from numerous chemotherapy. During this time, my son has devoted himself to care for me while maintaining a full-time job, simultaneously supporting a family of his own. Raymond has grown to become a hard working father that provides his family. Thank you in advance for taking the time to read my thoughts about my son.

Best Regards,

Duong Su

September 10, 2019

To Whom It May Concern,

    My name is Vennes Su, sister of Raymond Su. I am writing this letter to show my support and convey the amazing person Raymond has become. Being the eldest, I was able to see how much my brother has grown. He has always been the person to take care of issues as soon as it arises, even as a kid. He has never hesitated to help alleviate stress, whether it's helping around the house or fixing cars. He is known as the go-to handyman that friends and family have come to rely on. Though Raymond has always been responsible and mature, I truly saw growth in him the day that he had his daughter. I have witnessed the countless hours he spends reading and playing with his daughter. He is not only an amazing dad who loves and care for his daughter greatly but also a pillar for his family. Doing his best to provide for his family, always staying positive, and making sure everyone is taken care of. The strength and confidence he exudes are some of the qualities that I have come to admire. I can assure you that he is a person of remarkable maturity and reliability. He is one of the most kindhearted, trustworthy, honest, and dependable person I know. I would hope that you take this letter into consideration and see my brother for the good person he is.

Thank you for your time. If you have any questions please feel free to contact me at (858) 531-2454.

Best Regards,

*(signature)*

Vennes Su

Aryan Villanueva
7906 Mansell Way
Elk Grove, Ca 95758


September 9, 2019


RE: Raymond Su


To Whom It May Concern:


I am writing on behalf of Raymond Su. Raymond Su and myself have been close friends for over sixteen years. In this time, he has proven to be a good and responsible person. I was saddened to hear about his case because he has always been a respectable person. It is for this reason that I am willing to write this letter for him. I completely understand the seriousness of this matter however; I hope that the court will show my dear friend some compassion and leniency.

Raymond Su has always been a great friend for not only myself, but also our friends and my immediate family. He has time and time again proven that he is a dependable, honest, and kind man.

It is my sincere hope that the court takes this letter in consideration. Despite the current case, I still truly believe that Raymond Su is an amazing father, honorable person, and an overall good human being.


Sincerely,
Aryan Villanueva

Paul Saechao

January 10, 2020

To Whom It May Concern:

Raymond Su has been a good friend of mine for over 18 years. We grew up together, both going to the same middle school and high school and sharing the same group of friends. I've always known Raymond as a person of good moral character, reliability, and trustworthiness.

As young adults who are only just starting our adult lives, we both share many commonalties that others our age strive for, such as owning a home and being part of a young family. We also share an affinity for cooking and Do-It-Yourself projects; we've come to the conclusion that we are all capable of creating or fixing most things if we put our minds to it. These are only some of the commonalities that have made our friendship what it is today.

Raymond is a very hard working and committed person. I feel this trait of his comes from his family of entrepreneurs and business owners. While he has experienced difficulties in the past in finding employment, he's always been able to provide for his family, even if that meant being his daughter's caretaker full time while still searching diligently for employment. His spouse, as well as his friends and family, have always been supportive of him throughout the challenges in his life and will continue to be.

Yours sincerely,

Paul Saechao

January 9, 2020

To Whom it May Concern:

Raymond Su has been a good friend of mine for over nine years. Throughout the years, I have watched Raymond grow and mature as an individual, friend, son, brother and most importantly a father.

I have always known Raymond as a person of good character; honest, dependable and reliable. If I am seeking honest advice, Raymond is always the first person I ask advice from. I have been able to depend on Raymond on multiple occasions. He has helped me house sit and dogsit.

Raymond is a family person and consistently put his family's needs before his own. He helps his parents with day to day living, translation, and transportation. Not only that, Raymond is always there for his sisters.

In the years that I have known Raymond, I have watched him grow as an individual; especially when he became a father. Raymond is a loving, compassionate, present and motivating father to his daughter. Raymond has taught his daughter the importance of being physically healthy and eating healthy. Raymon spends his free time with his daughter. When Raymond's daughter came into his life, his lifestyle change. Raymond's focus was to ensure he could provide for this daughter and to always be there for his daughter.

Raymond is a person with good moral and I can truly say that I trust Raymond with my life.

Yours sincerely,

Nancy Saechao